No. 80-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

PETER EVANGELINE and
DIMITRI EVANGELINE,

                Plaintiffs and Appellants,

    vs.

BILLINGS CYCLE CENTER,

                Defendant and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone.
               Honorable William J. Speare, Judge presiding.

Counsel of Record:

    For Appellants:

        Nye Law Firm, Billings, Montana
        Jerrold L. Nye argued, Billings, Montana

    For Respondent:

        McNamer, Thompson & Cashmore, Billings, Montana
        Charles R. Cashmore argued, Billings, Montana

---

                Submitted:  March 25, 1981

                  Decided:  April 15, 1981

Filed: APR 15 1981

      _Thomas J. Kearney_
              Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Plaintiffs, father and son, brought an action in the District Court of the Thirteenth Judicial District, each seeking damages for personal injury. Jury trial resulted in a defendant's verdict. Plaintiffs appeal.

Plaintiff, Peter Evangeline, hereafter referred to as "father", purchased a used 1975 Yamaha dirt bike from defendant on June 16, 1978. The bike was purchased for the use of Dimitri Evangeline, hereafter referred to as "son".

One day following the purchase the son, then age 12, attempted to ride the bike around an oval track located at plaintiffs' home. On two occasions the son had the bike slide out from under him due to his inability to slow the bike. He testified that he did not know whether the brakes worked. The record is unclear about what caused these spills.

The father then tried to ride the bike. He too spilled for some unexplained reason. He testified that he did not know if his foot was on the brake. The father then remounted the bike for a second try. As the father was approaching a curve, he looked down to see if his foot was on the brake and the rest is best described in his own words: "By the time I looked up I had already gotten to the lateral ditch--that bottom one--and I couldn't get out of it." "And by the time I looked up, it was too late to do anything because I hit that ditch, and I was flying in the air."

The father went to the hospital, and the following day the son attempted to ride again, this time in the company of a friend. The sequence of events preceding this second accident was related by the son at trial: "We started racing there when I went down to the Hesper Road--toward

-2-

them ditches. I looked down to see if my foot was on the thing, and by that time I was at the ditch. I tried to lean the bike over, and the front wheel caught in that first ditch; and me out onto the road and my bike into the second ditch." The son was injured.

The father and son brought this action in strict liability, and alternately, in negligence. The trial court reserved ruling on strict liability until hearing all of the evidence. The court then decided to submit the case on negligence only. The jury was also instructed on the affirmative defenses of contributory negligence and assumption of risk. On special findings, the jury concluded that the negligence of each plaintiff was a proximate cause of each accident. The jury further found that the defendant was not negligent.

Plaintiffs claim the following error:

1. Failure of the trial court to submit strict liability.

2. Failure of the trial court to make a pretrial ruling on strict liability.

3. The instructions on assumption of risk were erroneous.

4. The trial court's comments during trial were prejudicial.

The trial court may reserve ruling on strict liability until hearing evidence, as the evidence may well determine what liability theories are appropriate. We do not here rule on the applicability of strict liability to a used product.

We resolve this question on factual issues and, therefore, no authority is cited. If an instruction on strict liability had been given under the evidence adduced at trial, the result would necessarily have been the same.

Plaintiffs claim that defective brakes were the result of improper brake adjustment. No other defect can be found in the evidence. We are asked to hold that defective adjustment of brakes is different from negligent adjustment of brakes. We feel that, given these facts, the proof would be the same for either strict liability or negligence. The jury found defendant was not negligent in adjusting the brakes. The same finding would preclude defect arising out of the brake adjustment.

The testimony of both the father and son fails to establish a causal relationship between claimed brake maladjustment and accident. In each case the bike hit a ditch while the rider was looking down to see if he was engaging the brake.

We hold that plaintiffs could not have been prejudiced by the court's failure to instruct on strict liability because: (1) In this particular case the jury's finding of no negligence on the part of the defendant in adjusting the brakes would foreclose a finding of defect by reason of brake maladjustment. (2) Plaintiffs did not carry their burden to establish a causal relationship between brake maladjustment and the accident in that the testimony fails to prove that the accident was caused by defective brakes rather than caused by the bike hitting the ditch at a time the driver was unattentive.

Likewise, since the jury found the defendant to be not negligent, any error in instructions on affirmative defenses would be harmless. Therefore, we need not review the instructions pertaining to assumption of risk.

Plaintiff claims error in the trial court's following remark to trial counsel:

-4-

"THE COURT: Well, you managed to confuse me. Is the purpose--are you trying to impeach this man or what?"

Plaintiffs did not ask for a mistrial, nor did counsel request the court for an admonition. Further, the remark is not sufficiently prejudicial to require a new trial.

The judgment is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices